**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Robert Lamar McInnis III, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE LEAVE TO AMEND** |
| | ) | **COMPLAINT AND REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| CO Wade Strand, | ) | |
| | ) | Case No. 1:08-cv-054 |
| Defendant. | ) | |

The plaintiff, Robert Lamar McInnis III ("McInnis"), is an inmate at the North Dakota State Penitentiary ("NDSP). He initiated the above-entitled action on May 20, 2008, by filing a complaint pursuant to 42 U.S.C. § 1983 along with an application to proceed *in forma pauperis*. This matter is now before the court for an initial review as mandated by 28 U.S.C. §1915A.

I.   **BACKGROUND**

McInnis's claim arises out of injuries he allegedly sustained on April 18, 2008, when, initially, his right hand and arm were pinched in his cell door's tray slot. According to McInnis, his hand was resting on the bottom of the slot. Officer Wade Strand ("Strand") attempted to close the slot before McInnis could remove his right hand, pinching McInnis's pinky and ring fingers in the process. While the complaint is not clear, the initial pinching of his finger may have been accidental. McInnis claims he responded to the pinching of his fingers by forcing the slot open with his right forearm and left hand and telling Officer Strand not to close it before he could get his hand out. McInnis claims that Strand ignored him and made repeated efforts to close the slot, including the use of his knee, allegedly causing bruising and swelling to McInnis's hand and arm. McInnis alleges that Strand's actions amounted to the use of excessive force.

1

McInnis claims he asked to see a nurse, requested to speak one of Officer Strand's superiors, and requested that pictures be taken. He also claims he expressed a desire to file charges against Strand.[1] Two of Strand's coworkers and a nurse were summoned. They photographed McInnis's injuries but were nevertheless dismissive of his assertion that he had been assaulted by Officer Strand. McInnis was later "written up" (presumably in an incident report) for disobeying written or verbal orders. Although the complaint is less the clear, it appears that one of the results of the disciplinary proceeding was the loss of good time. McInnis requests $5,000 in damages, restoration of all of his good time, and a transfer to a halfway house in Dickinson, North Dakota. Additionally, he seeks Officer Strand's termination.

## II.  STANDARD OF REVIEW

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burdens imposed by prisoner suits that too often are frivolous and without merit. Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 914 (2007); Woodford v. Ngo, __ U.S.__, 126 S.Ct. 2378, 2382 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee is the requirement that courts conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

---

[1] McInnis claims that, as he was preparing his complaint in this case, that Office Strand stated to him that he had "better watch [him]self or [Officer Strand would] f --k [him] up."

In enacting the PLRA, Congress chose not to impose any heightened pleading requirement for prisoner complaints, and, in this case, 42 U.S.C. § 1983 does not impose any such requirements. Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 919 (2007). Consequently, to state a cognizable claim, the complaint needs only to meet the minimal requirements of Fed. R. Civ. P. 8(a), which are that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2202 (2007) (per curiam). In addition, when a prisoner is proceeding *pro se*, the court is obligated to construe the complaint liberally and hold it to a less stringent standard than what would be required of attorneys. E.g., Erickson v. Pardus, 127 S.Ct. at 2202. The court may not dismiss a *pro se* complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999); see also Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988).

Nevertheless, even though the pleading requirements are minimal and complaints are to be liberally construed, this does not mean the court must accept anything and everything that is filed by a *pro se* prisoner. In enacting the screening requirement, Congress expected it to be more than a ritualistic exercise and that the courts would be vigilant in allowing prisoners to proceed only with those claims that state a cognizable claim, that seek relief from a non-immune party, and that are not obviously baseless, frivolous, or malicious.

"A complaint is frivolous if it lacks an arguable basis in law or fact." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id. And, in terms of whether there is an arguable basis in fact, the court may disregard any factual allegations

3

that are clearly fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992); Edwards v. Snyder, 478 F.3d 827, 229-830 (7th Cir. 2007) (discussing the difference between factual and legal frivolousness).

To meet the minimal requirements of Rule 8(a)(2) for pleading a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1965 n.3 (2007). At the very least, even *pro se* prisoners must state enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. at 2200 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964). In the case of an action for a violation of federal civil rights under 42 U.S.C. § 1983, this means a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the violation was committed by a person acting under color of state law in order to state a cognizable claim. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157-158 (8th Cir. 1997). Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which a particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities for damages must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability. Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.1990); Martin v. Sargent, 780 F.2d 1334, 1337-39 (8th Cir.1985).

Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no

4

claim stated as a matter of law.  E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).[2]

## III.  DISCUSSION

McInnis's complaint is deficient in at least two respects.  First it does not specifically allege a violation of any federal constitutional or statutory rights.  Second, the relief that McInnis seeks the court cannot grant either because it is beyond the power of the court or because the allegations of the complaint are not sufficient to support the relief requested.

### A.  McInnis has not pled a cognizable claim

As noted above, to state a cognizable claim under § 1983, McInnis must allege a violation of a federal constitutional or statutory right and that the alleged violation was committed by a person acting under the color of state law.   Nowhere in the complaint does McInnis invoke his constitutional rights or allege a violation of either the Constitution or federal law.  Consequently, his complaint fails to state a claim for relief under § 1983.[3]

The standard complaint form that McInnis used for making his complaint instructed him to stick to the facts and avoid legal argument or case citation.  It may be that he followed these

---

[2] In Edwards v. Snyder, the Seventh Circuit stated the following:
Complaints may be susceptible to dismissal for failure to state a claim for various reasons. For example, a plaintiff may allege too little in his complaint and fail to meet the minimal federal pleading requirements. See Fed. R. Civ. P. 8. Even if a complaint passes the minimal threshold of pleading standards, dismissal for failure to state a claim may be appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir.2006); Dealt v. Carter, 224 F.3d 607, 610 n. 1 (7th Cir.2000). A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery. See McCreary v. BAY, Inc., 453 F.3d 882, 888 (7th Cir. 2006).
478 F3d at 830.

[3] McInnis does come close, however.  For example, he appears to claim that office Strand used excessive force, which, depending upon the circumstances, may give rise to a violation of the Eighth Amendment and Fourteenth Amendments.

instructions too literally in failing to alleged a violation of federal constitutional or statutory law. Consequently, for this and other reasons, McInnis should be permitted an opportunity to amend his complaint to allege a violation of his federal constitutional or statutory rights.

### B.     Remedies

The power of the court to consider claims for relief against state officials who are sued in their official capacities under §1983 action extends only to relief that the court is empowered to grant. Having reviewed McInnis's complaint, it is apparent there no relief the court could grant based on his current complaint.

#### 1.     Restoration of good time

McInnis seeks, inter alia, the restoration of all of his good-time credits. He does not elaborate on when, how, or why he was stripped of his good-time credits. One can only assume for the purposes of this action that their loss is attributable solely to the "write up" referenced by McInnis in his complaint.

In any event, the United States Supreme Court has made it clear that a § 1983 action cannot be used to challenge, directly or indirectly, the length or validity of a prisoner's confinement, including deprivations of good-time credit, and that this can only be done using habeas corpus remedies. Edwards v. Balisok, 520 U.S. 641 (1997); Preiser v. Rodriguez, 411 U.S. 475 (1973); see Wilkson v. Dotson, 544 U.S. 74, 78-82 (2005); Heck v. Humphery, 512 U.S. 477 (1994); Wolff v. McDonnell, 418 U.S. 539 (1974). In summarizing this line of cases (i.e., Preiser, Wolff, Heck, and Balisok), the Supreme Court stated the following in Dotson:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

>internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. 78-82. Consequently, McInnis may not seek restoration of his good-time credits in this action.

### 2.     Transfer to a halfway house

McInnis next requests a transfer from the NDSP to a halfway house. The court lacks the authority to grant this relief, however. See Olim v. Wakinekona, 461 U.S. 238 (1983) (dismissing a prisoner's challenge to the place of his incarceration); Meachum v. Fano, 427 U.S. 215 (1976) ("[T]he Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); see also Bates v. Rucker, No. Civ.A. 05-1988-P, WL 2620087 at *1 (W.D. La. August 14, 2006) (holding that it lacked the authority to order the State to transfer an inmate to another prison); Burr v. Duckworth, 547 F.Supp. 192, 197 (D. Ind. 1982) ("Absent a statute or regulation giving rise to some right or justifiable expectation on the part of a prisoner that he remain in or be transferred to another facility, no deprivation of a constitutionally protected or recognized interest has occurred" and "[t]o hold otherwise would involve the judiciary in issues and discretionary decisions that are not the business of federal judges.").[4]

---

[4] Only in extreme situations, not pleaded here, would a federal court have the authority to order a State to transfer a prisoner and then, usually, it would be in the discretion of the State to select another appropriate facility. See Streeter v. Hopper, 618 F.2d 1178, 1182 (5th Cir. 1980), Walker v. Lockhart, 713 F.2d 1378 (8 th Cir. 1983); Moore v. Schuetzle, 486 F.Supp.2d 969, 988-982 (D.N.D. 2007).

### 3.     Monetary damage

McInnis seeks to recover $5,000 in damages.  To the extent that McInnis seeks to recover monetary damages, he must sue a non-immune defendant who acted under the color of state law, such as the prison official or officials who were directly involved or responsible for the alleged constitutional violations.  See Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006); Keeper v. King, 130 F.3d 1309, 1314-15 (8th Cir. 1997); Murphy v. Arkansas, 127 F.3d 750, 754-755 (8th Cir. 1997).

In this case, McInnis has sued Officer Strand, but his complaint is silent as to whether he is suing Strand in his official or individual capacity.  And, under binding Eighth Circuit case law, when a complaint is silent, it is presumed that the suit is against the person only in his or her official capacity.  E.g., Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007); Johnson v. Outboard Marine Corporation, 172 F.3d 531, 535 (8th Cir. 1999).[5]

The problem with suing Officer Strand in only his official capacity is that NDSP correctional officers are state employees.  And, a suit against a state employee in his or her official capacity is

---

[5]   Johnson v. Outboard Marine Corporation summarizes the Eighth Circuit's rule as follows:

> This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. *See Artis v. Francis Howell North Band Booster Ass'n Inc.*, 161 F.3d 1178, 1182 (8th Cir.1998); *Murphy*, 127 F.3d at 754. Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir.1989); *Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 619-20 (8th Cir.1995). Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer. *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

172 F.3d at 535.  As noted in Baker v. Chisom, 501 F.3d at 926-927 (Gruender, J., concurring in part and dissenting in part), the Eighth Circuit's "bright-line" rule is contrary to the law in most of the other circuits and, arguably, contrary to the spirit of the most recent Supreme Court notice-pleading cases.

the same as suing the State, which has immunity under the Eleventh Amendment for any claims for damages in an action brought pursuant to 42 U.S.C. § 1983.  See Quern v. Jordan, 440 U.S. 332 (1979); Edelman v. Jordan, 415 U.S. 651 (1974); Alsbrook v. City of Maumelle, 184 F.3d at 1010; see also Kentucky v. Graham, 473 U.S. 159, 166-167 (1985) (discussing distinctions between individual and official capacity claims).

Given that McInnis's complaint must be construed as suing Officer Strand only in his official capacity, he complaint for damages is barred.  However, McInnis can cure this deficiency by making clear in an amended complaint, preferably in the caption as well as the body of the complaint, that he is suing Strand in his individual capacity.

### 4. Termination of Officer Strand

Finally, McInnis requests that Officer Strand's employment at the NDSP be terminated.  The undersigned is unaware of any authority that would grant the court the power to force a State to fire one of its employees.

## IV. CONCLUSION AND RECOMMENDATION

McInnis is hereby **GRANTED** leave to file an amended complaint to cure the deficiencies mentioned above.  He must file the amended complaint with the court by June 25, 2008, with the understanding that it will again be subject to an additional §1915A screening upon receipt.  If McInnis does not file an amended complaint by June 25, 2008, it is the undersigned's **RECOMMENDATION** that his action be **DISMISSED WITHOUT PREJUDICE** and that his application to proceed *in forma pauperis* be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), plaintiff has the right to object to this Report and Recommendation. He need not do so, however, if he files an amended complaint. If he does not file an amended complaint, then the failure to file appropriate objections may result in the recommended action being taken. In this case, the court will allow the objections to be filed on or before June 25, 2008, (which is more than the time normally allotted) given that is the date by which the plaintiff must file an amended complaint.

Dated this 27th day of May, 2008.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge